Law Library

IN THE SUPERIOR COURT OF GUAM

FILED
COURT

2014 JAN 10 PM 3:25

| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO.: CF0465-13 |
|---|---|---|
| vs. | ) ) ) | **DECISION & ORDER** (Motion to Release to Third Party Custodians) |
| ALLEN ALOAN AGABABA, | ) ) ) | |
| Defendant. | ) ) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on December 12, 2013 for a Motion Hearing on Allen Aloan Agababa's ("Defendant") Motion to Release to Third Party Custodians ("Motion"). The People of Guam (the "People") were represented by Assistant Attorney General Brian Gallagher and Defendant was represented by Assistant Public Defender Peter Sablan.

Upon considering the Motion and the arguments presented by the Parties, the suitability of Defendant's proposed third party custodians, and the applicable law, the Court hereby **DENIES** the Motion to Release to Third Party Custodians and renders the following written Decision pursuant to 8 GCA § 40.50(a).

## FACTUAL AND PROCEDURAL HISTORY

Defendant is charged with the Aggravated Murder (As a 1st Degree Felony) of his mother, in violation of 9 GCA § 16.30(a) and has been confined since August 27, 2013 on $1 million cash bail. On October 28, 2013, Defendant filed this instant Motion for Release to Third Party Custodians and the Court heard oral argument on the motion on December 12, 2013. The Court denied the Motion from the bench, but entertained Defendant's oral motion to reconsider and now issues this written Decision and Order as required under 8 GCA § 40.50(a).

//

## LAW AND ANALYSIS

Title 8 GCA § 40.15 states that "[t]he judge shall order the person charged to be released on recognizance, unless the judge determines, in [her] discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." The non-exhaustive factors under § 40.15 for the Court to consider in determining if a defendant presents a substantial risk of nonappearance or is a danger to any other person in the community include:

a. The length of his residence on Guam;

b. His employment status and history and his financial condition;

c. His family ties and relationships;

d. His reputation, character and mental condition;

e. His prior criminal record; if any, including any record or prior releases on recognizance or on bail;

f. The identity of reasonable member of the community who will vouch for his reliability;

g. The nature of the offense charged, the apparent possibility of conviction and the likely sentence insofar as these factors are relevant to the risk of nonappearance;

h. The danger the person would pose to the community or to any individual member thereof if released; and

i. Any other factors which bear on the risk of willful failure to appear.

If the Court finds that release on his own recognizance would not assure a defendant's appearance or would present a danger to any other person, the Court may still permit release but subject to certain conditions under 8 GCA § 40.20:

a. Placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in Court;

b. Placement of restrictions on the activities, movements, associations and residence of the person;

c. Execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

d. Release of the person during working hours, but with the condition that he/she return to custody at specified times; or

e. Any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

Upon consideration of the 8 GCA § 40.15 factors the Court finds that the seriousness and violent nature of the crime charged, his recent relocation back to Guam, and relatively few familial or employment ties on Guam present a risk that Defendant may not appear and may be a danger to other members of the community. The Court recognizes that Defendant has no prior criminal record, no history of drug or alcohol abuse, nor prior history of non-compliance with court orders, and has proposed two third party custodians; however, Defendant is also unable to surrender his passport. The Court is also concerned with the ability of the proposed third party custodians to monitor Defendant and ensure his appearance at court. The primary third party custodian, Rafael Lujan, is Defendant's 81 year-old grandfather who does not own a vehicle and has another household member who has not been cleared by Probation. Because Defendant is charged with a serious crime involving violence to a family member, the Court is not convinced of the ability of Mr. Lujan to supervise Defendant. The secondary third party custodian, Vickie Gayer, owns a vehicle but resides in Maite, some distance from the Defendant's proposed residence in Yigo. Upon the Court's review, the proposed third party custodians do not sufficiently allay the Court's doubts regarding the Defendant's further appearance in court or the safety of the community.

The Court finds that detention at this time is not intended to punish the Defendant, but it is the least onerous condition for ensuring Defendant's continued appearance in court and for the safety of others and the community.

Based on the above, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED** this 10th day of January 2014.

Original Signed By:
Hon. Maria T. Cenzon

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam

JAN 1 0 2014

Curtis M. Aulerio
Deputy Clerk
Superior Court of Guam